UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FRANCIS HOTARD | CIVIL ACTION |
| VERSUS | NO. 23-0881 |
| HEATH MARTIN - TANGIPAHOA PARISH JAIL, ET AL. | SECTION "H" (2) |

## FINDINGS AND RECOMMENDATION

Plaintiff Francis Hotard initially filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Middle District of Louisiana. ECF No. 1 (Deficient Complaint). Hotard named as defendant Heath Martin at the Tangipahoa Parish Jail challenging the conditions of his confinement in the Tangipahoa Parish Jail. *Id*., ¶III(A), at 3; *id*., ¶IV, at 3-4. Hotard did not pay the filing fee or file a motion to proceed *in forma pauperis* with the complaint.

On March 10, 2023, after the case was transferred to this Court (ECF No. 2), the clerk of this Court sent Hotard a notice of this deficiency, which required him to either pay the filing fee or file a properly completed and certified pauper application within twenty-one (21) days of the date of the notice. ECF Nos. 4. The clerk mailed the deficiency notice to Hotard at his prison address of record in the Tangipahoa Parish Jail. The envelope containing the notice was returned marked "Return to Sender Inmate Not Here." ECF No. 5.

When Hotard failed to respond to the deficiency notice, I issued an order on April 24, 2023, for him to show cause on or before May 15, 2023, why his § 1983 complaint should not be dismissed for his failure to prosecute. ECF No. 5. The envelope containing the order has not been returned as undelivered. Hotard did not respond to the order, pay the filing fee, or submit a pauper application.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.[1] In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[2] Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[3] A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[4]

All litigants are obligated to keep the court advised of any address change. *See* L.R. 11.1 and L.R. 41.3.1. In addition, the complaint form used by Hotard to institute this action contains the following declaration: "I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed." ECF No. 1, ¶VI(B), at 4 (Plaintiff's Declaration). "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[5]

To date, Hotard has not provided his current address or otherwise contacted the court about his case. His failure to comply with the court's rules and orders has created delay in the court's

---

[1] *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).
[2] *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986).
[3] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[4] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.
[5] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).

ability to efficiently manage the case. This delay is caused by and attributable to Hotard himself, justifying dismissal of his complaint for failure to prosecute.[6]

In a final effort to provide Hotard with an opportunity to show cause why his claims should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge. Hotard is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report. It is suggested to Hotard that any objection should contain a short summary of the reasons why he failed to comply with the court's previous orders. Hotard is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Hotard also is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[7]

---

[6] *See Torns v. State of Miss. Dept. of Corrs.*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Mgt. Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

[7] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).

**RECOMMENDATION**

It is **RECOMMENDED** that Plaintiff Francis Hotard's 42 U.S.C. § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

New Orleans, Louisiana, this  5th  day of June, 2023.

                                                                         _____
                                                                         DONNA PHILLIPS CURRAULT
                                                                         UNITED STATES MAGISTRATE JUDGE